{¶ 61} I concur in the majority's analysis and disposition of Appellant's first and second assignments of error. I respectfully dissent from the majority's analysis and disposition of Appellant's third assignment of error.
 {¶ 62} Unlike the majority, I believe there is a significant difference between a non-substantial aggravation of a pre-existing condition and an aggravation of a preexisting condition having some real adverse effect, even if that effect was relatively slight.[5] Although concededly difficult, if not outright impossible to quantify, I, nonetheless, believe there is a substantive difference. Applying the instruction given by the trial court, a jury might reasonably find an aggravation of a pre-existing condition, although it had a relatively slight adverse effect, still could fall short of being "not substantial". I find a jury would be more apt to find an aggravation of a pre-existing condition which produces a relatively slight adverse effect than it would to find an aggravation of that pre-existing condition "not substantial". Accordingly, I would also sustain Appellant's third assignment of error.
[5] I find no disharmony between the syllabus and footnote inSchell. I find the footnote serves to further clarify what the court considers "not substantial" and is the proper statement of law. *Page 1